**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **V.** | § | **CRIMINAL NO. 6:01-CR-33-5** |
| | § | |
| **ALBERT LEE SCOTT, JR.** | § | |

## REPORT AND RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

On February 12, 2009, the Court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant, Albert Lee Scott, Jr. The government was represented by Richard Moore, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Ken Hawk.

Defendant originally pleaded guilty to the offense Possession with Intent to Distribute Crack Cocaine Base, a Class B felony. The offense carried a statutory maximum imprisonment term of 40 years. The United States Sentencing Guideline range, based on a total offense level of 27 and a criminal history category of I, was 70 to 87 months. On January 3, 2002, U.S. District John Hannah, Jr. sentenced Defendant to 70 months imprisonment and five years supervised release subject to the standard conditions of release, plus special conditions to include drug aftercare. On December 16, 2005, Defendant completed the term of imprisonment and began service of the supervision term. Jurisdiction of this case has been reassigned to U.S. District Judge Leonard Davis.

Under the terms of supervised release, Defendant was prohibited, in relevant part, from: committing another federal, state or local crime, and purchasing, possessing or using any controlled substance, except as prescribed by a physician. In addition, Defendant was required to participate in a program of testing and treatment for drug abuse, under the guidance and direction of the U.S.

Probation Office, until released from the program by the probation officer. In its petition, the government alleges that Defendant violated his conditions of supervised release by submitting urine samples which tested positive for cocaine on December 10, 2007, by possessing cocaine, and by committing another federal crime—on September 4, 2008 Defendant pled guilty in the Eastern District of Texas to the offense of Possession With Intent to Distribute Cocaine Base (2 Counts).

If the Court finds by a preponderance of the evidence that Defendant committed these violations, a statutory sentence of no more than three years of imprisonment may be imposed. 18 U.S.C. § 3583(e)(3). Pursuant to Section 7B1.1(a) of the Sentencing Guidelines, violating a condition of supervision by submitting urine specimens which test positive for cocaine on December 10, 2007 would constitute a Grade C violation, for which the Court shall revoke Defendant's term of supervised release in favor of a term of imprisonment, or extend the term of supervised release and/or modify the conditions of supervision. U.S.S.G. § 7B3.1(a)(2). Considering Defendant's criminal history category of I, the Guideline imprisonment range for a Grade C violation is 3 to 9 months. U.S.S.G. § 7B1.4(a).

Alternatively, the Court can find that illicit drug use constitutes possession. If the Court finds by a preponderance of the evidence that Defendant violated a condition of supervision by possessing cocaine in violation of Texas Health and Safety Code § 481.115, this violation would constitute a Grade B violation, for which the Court shall revoke Defendant's term of supervised release in favor of a term of imprisonment. U.S.S.G. § 7B3.1(a)(1). Considering Defendant's criminal history category of I, the Guideline imprisonment range for a Grade B violation is 4 to 10 months. U.S.S.G. § 7B1.4(a).

Alternatively, if the Court finds by a preponderance of the evidence that Defendant violated

a condition of supervision by committing the offense of Possession With Intent to Distribute Cocaine Base, this violation would constitute a Grade A violation, for which the Court shall revoke Defendant's term of supervised release in favor of a term of imprisonment. U.S.S.G. § 7B3.1(a)(1). Considering Defendant's criminal history category of I, the Guideline imprisonment range for a Grade A violation is 12 to 18 months. U.S.S.G. § 7B1.4(a).

At the hearing, the parties indicated they had come to an agreement to resolve the petition whereby Defendant would plead true to violating conditions of supervision by submitting urine samples which tested positive for cocaine on December 10, 2007, by possessing cocaine, and by committing the criminal offense of Possession With Intent to Distribute Cocaine Base. In exchange, the government agreed to recommend that Defendant serve 12 months to run consecutively with the sentence imposed in 6:07-CR-95.

Pursuant to the Sentencing Reform Act of 1984, and the agreement of the parties, the Court **RECOMMENDS** that Defendant, Albert Lee Scott, Jr., be committed to the custody of the Bureau of Prisons for a term of imprisonment of 12 months to run consecutively with the sentence imposed in Eastern District of Texas Case Number 6:07-CR-95-18.

The parties have waived their right to object to the findings of the Magistrate Judge in this matter so the Court will present this Report and Recommendation to District Judge Leonard Davis for adoption immediately upon issuance.

**So ORDERED and SIGNED this 12th day of February, 2009.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE